**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOSHUA KENNETH TURNER,**

**Plaintiff,**

**vs.**

**Case No. 2:19-cv-2376**

**Judge Michael H. Watson**

**Chief Magistrate Judge Elizabeth P. Deavers**

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, *et al.*,**

**Defendants.**

**INITIAL SCREEN REPORT AND RECOMMENDATION**

Plaintiff, Joshua Kenneth Turner, a state inmate who is proceeding without the assistance of counsel, brings this action against the Ohio Department of Rehabilitation and Correction ("ODRC"), Warren Correctional Institution ("WCI"), and four individuals. (ECF No. 7.) On June 21, 2019, Plaintiff was granted leave to proceed *in forma pauperis* in this action. (ECF No. 6.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Having performed the initial screen of the Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** all claims against ODRC, WCI, Defendants Annette Chambers-Smith,

and Defendant Wanda Jackson; any claims for monetary damages against the individual defendants in their official capacities; and any claims for monetary damages under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. It is **FURTHER RECOMMENDED** that Plaintiff be allowed at this juncture to proceed on his remaining claims against Defendants Mike Davis and Chaplain Kehr for violations of Plaintiff's rights under the Free Exercise Clause of the First Amendment to the United States Constitution and RLUIPA.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> *     *     *
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

[1]Formerly 28 U.S.C. § 1915(d).

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court

holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

Plaintiff brings this action under 42 U.S.C. § 1983, naming as Defendants ODRC, WCI, Mike Davis (Religious Services Administrator), Chaplin Kehr, Annette Chambers-Smith, and Wanda Jackson (the last four Defendants, collectively, "Individual Defendants"). (*See generally* ECF No. 7.) Plaintiff alleges that he practiced Reconstruction Judaism his entire life when he was committed to the custody of ODRC. (*Id.* at PAGEID # 87.) Although he previously received kosher meals at Lebanon Correctional Institution ("LeCI"), Plaintiff alleges that he was denied such meals when he asked for them after arriving at WCI. (*Id.* PAGEID ## 87–88.) As set forth in more detail below, Plaintiff grieved the denial of the requested kosher meals but did not receive a response in time file a timely appeal. (*Id.* at PAGEID ## 88–89.) Plaintiff seeks monetary damages and accommodation of his Jewish practices, including kosher meals. (*Id.* at PAGEID # 90.) The claims against each Defendant are addressed in turn.

**A. ODRC**

Plaintiff has failed to state plausible claims for relief against ODRC. The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211

F.3d 331, 334 (6th Cir. 2000). "It is well established that [28 U.S.C.] § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). ODRC is an instrumentality of the state of Ohio. *Lowe v. Ohio Dep't of Rehab*., No. 97-3971, 1998 WL 791817, at *2 (6th Cir. Nov. 4, 2008). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Further, ODRC is not a "person" who can be held liable under § 1983. *Diaz v. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013). Thus, dismissal pursuant to § 1915(e) of Plaintiff's claims against ODRC is appropriate. *See Wingo v. Tenn. Dept. of Corrs.*, 499 F. App'x 453, 454 (6th Cir. 2012) (affirming trial court's dismissal of inmate's claims against state agency under § 1915(e), explaining that the department and the prison were entitled to Eleventh Amendment immunity); *Harrison*, 722 F.3d at 771 (same).

**B. WCI**

Plaintiff has also failed to assert plausible claims against WCI. Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A correctional institution is not a separate legal entity or "person" capable of being sued under Section 1983. *See Dunikowski v. Ohio Dep't of Rehab. and Corr.*, No. 1:18 CV 2576, 2019 WL 2717954, at *2 (N.D. Ohio June 8, 2019) ("Similarly, Plaintiff's claim against GCI [Grafton Correctional Institution] is also legally implausible and frivolous because a state prison facility is not a legal entity capable of being sued.") (citations omitted); *Moon v. Richland Corr. Inst. Ohio*, No. 1:19-cv-1250, 2019 WL 2359196, at *1 (N.D. Ohio June 4, 2019)

("RCI [Richland Correctional Institution] is not a legal entity capable of being sued under § 1983. . . . Moreover, RCI is part of [ODRC] . . . . ODRC is an agency of the State of Ohio and immune from suit pursuant to the Eleventh Amendment, unless the State of Ohio has waived its sovereign immunity or consented to be sued in federal court.") (collecting cases); *Hunter v. Eaches*, No. 1:19-cv-123, 2019 WL 1756713, at *2 (S.D. Ohio Mar. 28, 2019) ("A local jail or correctional facility is not a 'person' subject to suit under 42 U.S.C. § 1983.") (citations omitted), *report and recommendation adopted by* 2019 WL 1755516 (S.D. Ohio Apr. 19, 2019).

**C. Claims for Monetary Damages Against Individual Defendants in Their Official Capacities**

It is not immediately apparent whether Plaintiff names the Individual Defendants in their official capacity or personal capacity or in both capacities. (*See generally* ECF No. 7.) Construing the Complaint liberally, *see Haines*, 404 U.S. at 520, the undersigned will assume for present purposes that Plaintiff has named the Individual Defendants in both capacities. Section 1983 does not permit Plaintiff to bring his claim for money damages against the Individual Defendants in their official capacities. However, Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights. 42 U.S.C. § 1983. In suits for damages, state officials acting in their official capacity are not "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's § 1983 claims for money damages against the Individual Defendants in their official capacities, therefore, are not cognizable. *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003).

**D. Claims for Money Damages Based on Any RLUIPA Claim**

In addition, to the extent that Plaintiff seeks monetary damages based on any claim arising from violations of his rights under RLUIPA, those claims should be dismissed because

there is no cause of action for monetary damages under RLUIPA. *See Cavin v. Michigan Dep't of Corr*., 927 F.3d 455, 460 (6th Cir. 2019) ("RLUIPA doesn't clearly authorize money damages. . . . [T]he reality that RLUIPA doesn't allow for damages indicates that Congress didn't intend § 1983 to provide a backdoor to achieving a different result."); *Hardy v. Unknown Agee,* No. 14-2230, 2015 WL 13782958, at *3 (6th Cir. May 8, 2015) (" The district court properly dismissed this claim because RLUIPA does not allow a prisoner to collect money damages from defendants sued in their individual capacities.").

**E. Annette Chambers-Smith and Wanda Jackson**

Plaintiff complains that Defendants Chambers-Smith and Jackson did or did not take certain actions when he attempted to use the grievance procedure. (ECF No. 7 at PAGEID ## 88–89.) However, to the extent that Plaintiff complains about these Defendants' actions or inaction related to the grievance procedure, an inmate has no constitutionally protected right to an effective grievance procedure. *Valladolid v. Michigan Dep't of Corr*., 2017 WL 3528221, at *3 (6th Cir. Feb. 14, 2017) ("A prisoner does not have a constitutionally protected right to an effective grievance procedure."); *see also Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) (same); *Weatherspoon v. Woods*, No. 16–1277, 2017 WL 3923335, at *3 (6th Cir. Feb. 24, 2017) (same). Accordingly, Plaintiff fails to state a claim on which relief may be granted against Defendants Chambers-Smith and Jackson. 28 U.S.C. § 1915(e)(2).

**F. Mike Davis and Chaplin Kehr**

Liberally construing the Complaint, *see Haines*, 404 U.S. at 520, it appears that Plaintiff alleges that Defendants Davis and Kehr, *inter alia*, denied his requests for kosher meals, thereby depriving him of his right to practice his religion, Reconstruction Judaism. (*See generally* ECF

No. 7.) Plaintiff's claims against Defendants Davis and Kehr for violations of Plaintiff's rights under the Free Exercise Clause of the First Amendment and RLUIPA, may proceed at this juncture. However, the undersigned expresses no opinion as to the merits of Plaintiff's claims or whether Plaintiff may ultimately prevail on these claims.

## III.

For the reasons explained above, it is **RECOMMENDED** that the Court **DISMISS** all claims against ODRC, WCI, Defendants Annette Chambers-Smith, and Defendant Wanda Jackson; any claims for monetary damages against the individual defendants in their official capacities; and any claims for monetary damages under RLUIPA. It is **FURTHER RECOMMENDED** that Plaintiff be allowed to proceed on his remaining claims against Defendants Mike Davis and Chaplain Kehr for violations of Plaintiff's rights under the Free Exercise Clause of the First Amendment and RLUIPA at this juncture. Again, the undersigned again expresses no opinion as to the merits of these remaining claims.

The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

**DATED: August 15, 2019**

**/s/ *Elizabeth A. Preston Deavers*______**
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**