IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSHUA KENNETH TURNER,

    Plaintiff,

    vs.

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION, *et al.*,

    Defendants.

Case No. 2:19-cv-2376

Judge Michael H. Watson

Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's application to the Clerk for entry of default against Defendant Chaplin Kehr (ECF No. 25) and motion for default judgment against Defendant Kehr (ECF No. 26). For the reasons that follow, it is **RECOMMENDED** that Plaintiffs' application to the Clerk for entry of default (ECF No. 25) and motion for default judgment (ECF No. 26) be **DENIED** at this juncture.

**I.**

On August 15, 2019, the undersigned conducted an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, and recommended, *inter alia*, that Plaintiff be allowed at that juncture to proceed on his claims against Defendants Mike Davis and Chaplain Kehr for violations of Plaintiff's rights under the Free Exercise Clause of the First Amendment to the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. (ECF No. 11.) After extending the time for Plaintiff to file

1

objections (ECF No. 18), the Court considered and ultimately overruled Plaintiff's objections. (ECF Nos. 19, 20.) The Court directed the United States Marshal to make service of process, by certified mail, on Defendants Davis and Kehr. (ECF No. 14 (advising Plaintiff that he has 90 days from date of the Order in which to effect service of process).)

The docket reflects that service of process was effected on Defendant Kehr on September 16, 2019, and that Defendant Kehr's response to the Complaint was due October 7, 2019. (ECF No. 17.)[1] Defendant Kehr did not file a response to the Complaint by that date. Instead, he filed an answer on October 23, 2019. (ECF No. 24.) On the same day, however, Plaintiff applied to the Clerk for entry of default as to Defendant Kehr (ECF No. 25) and filed a motion for default judgment against Defendant Kehr (ECF No. 26).

## II.

Federal Rule of Civil Procedure 55 sets forth the two-step sequential procedure for obtaining default judgment. A party must first apply for and obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). The Clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" *Id*. "It is well settled that an entry of default is a prerequisite to entry of a default judgment under Rule 55(b)." *Baechel v. Republic Storage Sys.*, LLC, No. 5:16-cv-1403, 2016 WL 7115947, at *1–2 (N.D. Ohio Dec. 7, 2016). Even if default is entered, "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c); *see also Krowtoh II LLC v. ExCelsius Intern. Ltd.,* 330 F. App'x 530, 534–35 (6th Cir. 2009) (identifying the following three factors to be considered in determining the requisite good cause: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant

---

[1] Service of process has not yet been effected on Defendant Davis.

has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced") (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)) (internal quotation marks omitted). "Under the 'good cause' standard, this court 'enjoys considerable latitude' to grant a defendant relief from a default entry." *Yang Zhang v. Clevenger*, No. 1:15-cv-0720, 2015 WL 4644645, at *3 (N.D. Ohio Aug. 4, 2015) (citations omitted).

In addition, "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983); *see also Yang Zhang*, 2015 WL 4644645, at *3 ("[D]efaults are generally disfavored in federal court, and are reserved for rare occasions.") (citations omitted). Notably, "[t]rials on the merits are favored in federal courts[.]" *Id.* at 846; *cf. United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) ("In general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps.") (citations omitted).

**III.**

Based upon the present record, the undersigned is not persuaded that entry of default and default judgment against Defendant Kehr are appropriate at this juncture. As a preliminary matter, Defendant Kehr's answer was filed just over two weeks late. (ECF Nos. 17, 24.) In light of the fact that this case is still in its early stages—Defendant Davis has not yet been served and discovery has not yet commenced—Plaintiff will not be prejudiced by this short delay. Indeed, Plaintiff has not identified any specific harm inflicted by Defendant Kehr's sixteen-day delay (ECF Nos. 25, 26). *Cf. Tr. of Sw. Ohio Reg'l Council of Carpenters Pension Plan v. Precision Contracting, Inc.*, No. 1:19-cv-278, 2019 WL 4195306, at *1–2 (S.D. Ohio Aug. 14, 2019)

3

(recommending that the defendant's motion to set aside entry of default be granted where, *inter alia*, the plaintiff was not prejudiced by the defendant's failure to file a timely answer or response to the complaint and recommending that motion for default judgment be denied as moot), *report and recommendation adopted by* 2019 WL 4192746 (S.D. Ohio Sept. 4, 2019); *Yang Zhang*, 2015 WL 4644645, at *3 ("Mere delay is not a sufficient prejudice to support a denial of a motion to set aside an entry of default.") (citations omitted). In addition, Defendant Kehr has raised meritorious defenses in his Answer. (*See* ECF No. 24 at ¶¶ 3–18).[2] Moreover, nothing in the record presently before the Court establishes—and Plaintiff does not assert—that Defendant Kehr's failure to timely file his answer resulted from culpable conduct. *See Krowtoh II LLC*, 330 F. App'x at 536 ("[F]or a defendant's actions to constitute culpable conduct, the 'defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings,' rather than negligent conduct."); *Yang Zhang*, 2015 WL 4644645, at *3 ("The court finds no indication that Clevenger's late filing of her answer was willful, or the result of defendant's own culpable conduct. Where it is defendant's counsel who was neglectful, that militates in favor of setting aside an entry of default.") (citations omitted). Finally, the policy of favoring judgments on the merits as opposed to default militates in favor of denying Plaintiff's application for entry of default and default judgment. *See United Coin Meter Co., Inc.*, 705 F.2d at 845–46; *Yang Zhang*, 2015 WL 4644645, at *3.

## IV.

For all of these reasons, it is **RECOMMENDED** that Plaintiffs' application to the Clerk for entry of default (ECF No. 25) and motion for default judgment (ECF No. 26) be **DENIED** at

---

[2] To be clear, however, the undersigned expresses no opinion on the merits of any of Defendant Kehr's defenses. Nothing in this Report and Recommendation should be construed as a determination on the substantive defenses raised in his Answer.

this juncture. It is **FURTHER RECOMMENDED** that Defendant Kehr's answer (ECF No. 24) be treated as timely.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                                  **/s/** *Elizabeth A. Preston Deavers*
**DATED: October 28, 2019**        **ELIZABETH A. PRESTON DEAVERS**
                                                     **CHIEF UNITED STATES MAGISTRATE JUDGE**