IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSHUA KENNETH TURNER,

      **Plaintiff,**

           vs.

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION, *et al.*,

      **Defendants.**

Case No. 2:19-cv-2376

Judge Michael H. Watson

Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Plaintiff, Joshua Kenneth Turner, currently incarcerated in the Southern Ohio Correctional Facility and proceeding without counsel, brings this civil rights action under 42 U.S.C. § 1983. (ECF No. 1.) Following an initial screening, Plaintiff is proceeding on claims against Defendants Mike Davis and Chaplain Kehr, in their individual capacities, for violations of Plaintiff's rights under the Free Exercise Clause of the First Amendment to the United States Constitution and RLUIPA. This matter is before the Court for consideration of Plaintiff's Motion for Summary Judgment. (ECF No. 57.) Defendants have filed a response. (ECF No. 60.) Plaintiff has not filed a reply and the time for doing so now has passed. For the reasons that follow, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion for Summary Judgment.

### I.    BACKGROUND

As the Court explained in its screening Report and Recommendation (ECF No. 11), liberally construing the Complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), it appears

that Plaintiff alleges that Defendants Davis and Kehr, *inter alia*, denied his requests for kosher meals, thereby depriving him of his right to practice his religion, Reconstruction Judaism. (*See generally* ECF No. 7.)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of proving that no genuine issue of material fact exists falls on the moving party, "and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stransberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (citing *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 710 (6th Cir. 2001); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, 439 F. App'x 492, 495 (6th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317-324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however 'do more than simply show that there is some metaphysical doubt as to the material facts,'. . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a 'genuine' dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (citations omitted).

In considering the factual allegations and evidence presented in a motion for summary judgment, the Court "must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stransberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III. ANALYSIS

In moving for summary judgment, Plaintiff repeats the unverified allegations of his Complaint and submits in support the same documents attached as exhibits to that pleading. Defendants contend that, as a result, Plaintiff's Motion is not properly supported as required by Rule 56 and should be denied. The Court agrees.

It is Plaintiff's burden to support his Motion with evidence from the record sufficient to show that, in the absence of evidence to the contrary, he is entitled to judgment as a matter of law on his claims. *NanoLogix, Inc. v. Novak*, No. 4:13-CV-1000, 2016 WL 1170776, at *8–9 (N.D. Ohio Mar. 25, 2016) (citing *Celotex*, 477 U.S. at 331 ("The burden of production imposed by Rule 56 requires the moving party to make a prima facie showing that it is entitled to summary judgment.") (citation omitted)). All factual contentions must be made by evidence such as that described in Rule 56(c)(1)(A). *Id.* A party asserting that a fact cannot be, or is, genuinely disputed must support that assertion with evidence in the record—the rule does not permit the asserting party to rely on mere allegations in a pleading. *Id.* (citing *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

As noted, Plaintiff's Motion for Summary Judgment relies entirely on the allegations in his Complaint. He has not supported his Motion with evidence from the record as required by Rule 56 and relevant case law. Summary judgment motions that are not properly supported as required by Rule 56 must be denied. *NanoLogix, Inc.,* 2016 WL 1170776, at \*9 (citing *Celotex*, 477 U.S. at 331 (if the moving party has not fully discharged its initial burden of production, its motion for summary judgment must be denied)). Accordingly, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED.**

## IV. RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion for Summary Judgment. (ECF No. 57.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding

4

that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).


**DATED:  September 10, 2020**　　　　　　　*/s/ Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES MAGISTRATE JUDGE**