UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joshua Kenneth Turner,

    Plaintiff,

    v.

Ohio Department of Rehabilitation
and Correction, *et al.*,

    Defendants.

Case No. 2:19-cv-2376

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

On May 27, 2021, Magistrate Judge Deavers issued a Report and Recommendation ("R&R"), recommending the Court deny Mike Davis's ("Davis") and Chaplain Thomas Kehr's ("Kehr," collectively, "Defendants") Motion for Summary Judgement in this prisoner civil rights case. R&R, ECF No. 87. Defendants object. Obj., ECF. No. 92. For the reasons below, the Court **ADOPTS** the R&R and **DENIES** Defendants' summary judgment motion.

### I.    FACTS AND PROCEDURAL HISTORY

Joshua Kenneth Turner ("Plaintiff") is a former inmate at the Warren Correctional Institute ("WCI"). Kehr is the Chaplain at WCI. Davis is the Religious Services Administrator for the Ohio Department of Rehabilitation and Correction ("ODRC").

Plaintiff's Complaint alleges that he has practiced Reconstruction Judaism his entire life and had been granted a religious accommodation to receive kosher meals while housed at other correctional institutions. Compl., ECF No. 7. Accordingly, in February 2019, while a prisoner at WCI, Plaintiff "put in a kite to Chaplain Kehr for [a] kosher meal accommodation." *Id.* Kehr recommended denying the request and forwarded it to Davis, who denied it on the following basis: "unable to make a determination, if the request reflects a strongly held religious belief." Decision, ECF No. 60-2 at PAGEID # 315. Plaintiff alleges Davis's and Kehr's denial of his request for kosher meals violated his First Amendment right to practice his religion ("Free Exercise claim") and violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *Id.* He also originally brought claims against other defendants.

After filing his Complaint in this case, the Court dismissed all claims against all Defendants save for Davis and Kehr. Order, ECF No. 20. With respect to the claims against Davis and Kehr, the Court dismissed all claims for money damages against Davis and Kehr in their official capacities as well as any individual-capacity RLUIPA claims against Davis and Kehr. *Id.* at 1. In other words, the only claims that survived the initial screen in this case were Plaintiff's official-capacity RLUIPA claims against Davis and Kehr for injunctive relief and Plaintiff's First Amendment Free Exercise Claims against Davis and Kehr in their individual capacities for injunctive relief and monetary damages. R&R 1, ECF No. 20.

Plaintiff moved for summary judgment, Mot. Summ. J., ECF No. 57, which was denied, R&R, ECF No. 62; Order, ECF No. 63. Thereafter, Defendants moved for summary judgment. Mot. Summ. J., ECF No. 82. Magistrate Judge Deavers's R&R recommends the Court dismiss Plaintiff's RLUIPA claim as moot and deny Defendants summary judgment on Plaintiff's First Amendment Free Exercise claim. R&R, ECF No. 87. Defendants object to Magistrate Judge Deaver's R&R, Obj., ECF No. 92, and Plaintiff responded to Defendants' objections. Resp., ECF No. 93.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b), the Court must determine *de novo* any part of the Magistrate Judge's disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.* Conversely, if any party fails to timely object to a part of the R&R, any such objection is waived.

## III.  ANALYSIS

As a preliminary matter, neither party has objected to Magistrate Judge Deavers's recommendation that the Court dismiss as moot Plaintiff's official-capacity RLUIPA claims for injunctive relief given that, since the filing of his Complaint, his request for kosher meals has been approved. R&R 8, ECF No. 87. Accordingly, the Court **ADOPTS** that portion of the R&R without further review and **DISMISSES AS MOOT** Plaintiff's RLUIPA claims.

Similarly, the Court **DISMISSES AS MOOT** Plaintiff's request for injunctive relief for any violation of the Free Exercise Clause of the First Amendment.

The only remaining claims, then, are Plaintiff's claims under the Free Exercise Clause of the First Amendment against Davis and Kehr in their individual capacities for damages. The Court now turns to the R&R and objections pertaining to those claims.

Notably, Davis and Kehr do *not* object to Magistrate Judge Deavers's conclusion that a genuine dispute of material fact exists regarding whether Defendants' denial of kosher meals substantially burdened Plaintiff's sincerely held religious belief. See R&R 13, ECF No. 87; Obj. 4, ECF No. 92. Rather, Davis and Kehr object only that their actions were nonetheless reasonable under the balancing test set forth in *Turner v. Safley*, 482 U.S. 78 (1987).

Magistrate Judge Deavers correctly explained the *Turner* balancing test:

In *Turner*, the United States Supreme Court held that four factors are relevant in balancing the deference owed to prison policies designed to maintain security and discipline with the important need to protect inmates' constitutional rights. 482 U.S. 78, 85–89 (1987). The four factors are as follows:
    (1) whether the regulation has a 'valid, rational connection' to a legitimate governmental interest;
    (2) whether alternative means are open to inmates to exercise the asserted right;
    (3) what impact an accommodation of the right would have on guards and inmates and prison resources; and
    (4) whether there are 'ready alternatives' to the regulation.
*Id.* at 89–91. If the first factor is not present, the regulation is unconstitutional, and the other factors do not matter. *Spies v. Voinovich*, 173 F.3d 398, 403 (6th Cir. 1999); *Muhammad v. Pitcher*, 35 F.3d 1081, 1084 (6th Cir. 1994). The remaining factors are considerations that must

be balanced together. *Spies*, 173 F.3d at 403 (quoting *Turner*, 482 U.S. at 90–91).

Magistrate Judge Deavers concluded that the first *Turner* factor should be tweaked in this case to analyze not whether Defendants' policy of providing kosher meals to only those with sincere religious beliefs had a valid, rational connection to a legitimate governmental interest—as even Plaintiff agrees it does—but whether Defendants' conclusion that Plaintiff lacked a sincere religious belief was itself reasonable, as opposed to arbitrary or capricious. R&R 15–16, ECF No. 87 (citing *Santos v. Chambers-Smith*, No. 2:19-cv-2984, 2020 WL 4434866, at *3 (S.D. Ohio Aug. 3, 2020)). Magistrate Judge Deavers concluded Defendants' decision was unreasonable, the first *Turner* prong was not met, and, therefore, she did not balance the remaining three factors. *Id.* at 16.

Defendants do not frame the first *Turner* factor in the same way as this Court in *Santos* or the Magistrate Judge in the R&R in this case did. Instead of arguing whether Defendants' decision was reasonable as opposed to arbitrary and capricious, Defendants' first objection argues there is a valid, rational connection between the policy of "deny[ing] kosher meals to inmates whose religion is not perceived to require it and the ODRC's legitimate interests" concerning budget and safety. Obj. 4–5, ECF No. 92. Defendants ask the Court to find the first *Turner* factor satisfied merely because there is a valid, rational link between the policy and those budgetary and security concerns. But, as *Santos*

and Magistrate Judge Deavers noted, the inquiry in a case where only the application of the policy is challenged is whether Defendants' actual denial was reasonable, not whether the policy was reasonable. *See Santos*, 2020 WL 4434866, at *3 ("Santos does not challenge the *policy* that kosher meals are reserved for those with a sincere belief. Rather, he challenges the *conclusion* pursuant to that policy that his belief was not sincere. The Court's task, therefore, is to determine whether Defendants reasonably (rather than arbitrarily or irrationally) concluded that Santos's kosher meal request was not based on a sincere religious belief." (citation omitted)); R&R 16, ECF No. 87; *Berryman v. Granholm*, 343 F. App'x 1 (6th Cir. 2009) ("[T]he defendants' determination that [the prisoner] had violated the prison rules was not unreasonable."); *Nixon v. Davis*, 2020 WL 1929363, at **4–5 (S.D. Ohio Apr. 21, 2020) (stating, "[u]nder the first *Turner* factor, Defendant's motivation matters. His conduct was reasonable only if he denied Plaintiff's request for a legitimate penological reason" and finding the denial was reasonable). Thus, to the extent Defendants argue the first *Turner* factor is satisfied simply because there is a valid connection between their overall policy and legitimate budgetary and security concerns, they have failed to show why *Santos* or the Magistrate Judge's approach is incorrect, and that objection is overruled.

Defendants do, however, also argue that the denial itself was reasonable under the circumstances in this case. Obj. 6–12, ECF No. 92. In this respect,

the second half of Defendants' first objection overlaps with the substance of Defendants' second objection.

Defendants offer on objection several arguments as to why the denial was reasonable: (1) Plaintiff demonstrated a lack of knowledge about the Jewish religion; (2) Plaintiff never requested kosher meals, a yarmulke, or a Torah until 2019, despite identifying as an adherent to Orthodox Judaism for the majority of his life; and (3) Davis was unable to contact the religious leader listed on Plaintiff's religious services accommodation request form. Obj. 7–8, ECF No. 92.

Upon *de novo* review, the Court agrees with Magistrate Judge Deavers's analysis. As Magistrate Judge Deavers found, "the Sixth Circuit has unambiguously held that prisoners cannot be denied kosher meals on grounds that they lack objective knowledge of Judaism." *Santos*, 2020 WL 4434866, at *4 (citing *Colvin v. Caruso*, 605 F.3d 282, 297–98 (6th Cir. 2010)). Moreover, it is unreasonable to deny Plaintiff's 2019 request on the basis that he failed to request a kosher diet earlier. As Magistrate Judge Deavers concluded, there is nothing inconsistent with becoming more devout over the course of time or even of finding Reconstruction Judaism aligned more appropriately with certain life choices, such as his tattoos, but wanting to keep kosher. Finally, the Court rejects as unreasonable denying Plaintiff's request based on Plaintiff's failure to include documentation from his religious leader with his religious accommodation request. ECF No. 60–1. Plaintiff included Rabbi Mindy's name, which is all that is required by the ODRC policy, ECF Nos. 60–2, 72–1, and it is therefore

unreasonable to deny a request because it failed to include something that was not required to be included. Because Defendants' justifications for denying Plaintiff's request for a kosher diet are not sufficient to show that the decision was not "arbitrary or irrational," the Court overrules Defendants' second objection. See Turner, 482 U.S. 89–90.

Finally, although Defendants argue Magistrate Judge Deavers erred in her qualified immunity assessment, the Court agrees upon *de novo* review that Defendants' briefing on this argument before the Magistrate Judge was so inadequate as to amount to a waiver of the same. R&R 18, ECF No. 87; see Mot. Summ. J. 16–18, ECF No. 81 (arguing it was not clearly established that Defendants' denial of separate congregation services—which is not the issue in this case—amounted to a burden on the right to freely exercise religion).

## IV. CONCLUSION

For these reasons, the Court **ADOPTS** the R&R, **DENIES** Defendants' motion for summary judgment, and **ORDERS** the parties to notify the Court within **FOURTEEN DAYS** of the date of this Opinion and Order as to whether they consent to having Magistrate Judge Deavers preside over the jury trial in this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**